Mr. Robert C. Adamski City Attorney City of Cape Coral Post Office Box 88 Cape Coral, Florida 33910
Dear Mr. Adamski:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CITY OF CAPE CORAL ENACT A MUNICIPAL ORDINANCE WHICH WOULD ALLOW PEST CONTROL VEHICLES EXCEEDING TEN THOUSAND POUNDS IN GROSS WEIGHT TO MAKE A TEMPORARY STOP ON CITY STREETS FOR PURPOSES OF PERFORMING PEST CONTROL SERVICES ON ADJACENT RESIDENTIAL PROPERTY FROM SUCH VEHICLES?
The proposed ordinance would allow certain pest control vehicles exceeding ten thousand pounds in gross weight to be left standing or stopped temporarily in one lane of a city laned highway, street or road adjacent to a customer's property for a reasonable time, not to exceed one hour, in order to perform the contracted pest control services by use of or from such vehicle. You state that these heavy vehicles cannot enter residential driveways without damaging the driveways.
The Florida Uniform Traffic Control Law, Ch. 316, F.S., was enacted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities." Section 316.002, F.S. In the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, F.S., the Legislature recognizing that the movement of traffic was controlled by a "hodgepodge of ordinances which vary as to language and penalty," and which had caused an inconvenience and hazard to travelers, consolidated the existing state traffic laws contained in Ch. 317, F.S. 1969, the traffic ordinances contained in Ch. 186, F.S. 1969, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinances into one uniform law applicable throughout the state and to all its municipalities and political subdivisions. In order to ensure that the provisions of Ch. 316, F.S., are given uniform application throughout the state, s 316.002, F.S., provides that "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter." See also, s 316.007, F.S. (providing that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized").
However, s 316.002, F.S., expressly states: "The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008
enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions." Subsection (1) of s 316.008, F.S., provides that "[t]he provisions of [Ch. 316] shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, from" regulating the matters enumerated therein. For example, in AGO 83-33, this office, in effect, concluded that s316.008(1)(j), F.S., read with s 316.189(1), F.S., permitted a municipality to alter the maximum speed limit after an investigation to determine if such a change is reasonable and in conformity with criteria promulgated by the Department of Transportation.
Pertinent to your inquiry, paragraph (a) of subsection (1) of section 316.008, F.S., permits a municipality, within the reasonable exercise of the police power, to regulate or prohibit "stopping, standing, or parking" on streets and highways under its jurisdiction. See also, paragraph (t) which allows a municipality to adopt or enforce "such temporary or experimental regulations as may be necessary to cover emergencies or special conditions." It is my conclusion that these provisions recognize the need for and would authorize a municipality under its police power to adopt an ordinance of the nature of the one contemplated by the above stated question.
You have expressed concern that the proposed ordinance might be in conflict with s 316. 2035(3), F.S. This provision, in relevant part, provides: "It is unlawful to obstruct, dig up, or in any way disturb any street or highway." To interpret this provision to mean that a municipality is precluded from regulating the temporary "stopping, standing, or parking" of vehicles on streets and highways within the municipality in order to serve adjacent properties or to facilitate commercial deliveries or services would be, in my opinion, contrary to the intent of s 316.008, F.S. The necessity for and the reasonableness of the exercise of the police power in the above described circumstances involve the exercise of legislative judgment and must be initially determined by the legislative body of the municipality by ordinance setting forth the requisite legislative findings and intent. This office is without power to make such legislative findings and determinations for the City.
It is therefore my opinion that a municipality may, in the reasonable exercise of its police power, enact an ordinance which would allow pest control vehicles exceeding ten thousand pounds in gross weight, which cannot enter residential driveways without damaging the driveways, to make a temporary stop on city streets for purposes of serving adjacent properties and performing pest control services on the adjacent residential properties from such vehicle.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General